UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>N. IKEGBU, et al.,<br><br>Defendants. | No. 2:23-cv-00285-CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

2

1  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).
2  In reviewing a complaint under this standard, the court must accept as true the allegations of the
3  complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.
4  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468
5  U.S. 183 (1984).

**II.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Medical Facility ("CMF"). Plaintiff sues four health care officials employed at CMF as well as the Chief Appeals Officer for California Correctional Health Care Services.

In his first claim for relief, plaintiff alleges that defendants Ikegbu, Osman, and Patterson have deliberately delayed and denied him needed surgery and pain medication since January 7, 2022. In support of this claim, plaintiff attaches a medical report from Dr. Moris Senegor of San Joaquin General Hospital who recommended cervical disc arthroplastic surgery for plaintiff following his examination on November 15, 2021. ECF No. 1 at 13-15. In a follow-up exam on March 14, 2022, Dr. Senegor continued to recommend this same surgery as well as an increase in plaintiff's morphine dose and the addition of baclofen to his pain management regimen. ECF No. 1 at 9-11. Defendants Ikegbu, Osman, and Patterson did not obtain any contrary medical opinions nor did they personally examine plaintiff before they denied him these necessary medical services. Plaintiff further alleges that defendant Haile denied him a follow-up visit with Dr. Senegor and also reduced and then entirely stopped his morphine and baclofen prescriptions for pain contrary to the specialist's recommended treatment. Plaintiff contends that defendant Gates failed to correct any of these actions when responding to plaintiff's health care grievances.

In his second claim for relief, plaintiff alleges that defendants Ikegbu, Osman, Gates, and Patterson refused to submit Dr. Senegor's report to medical headquarters to get approval for the recommended surgery. ECF No. 1 at 6. Defendants failed to act in order to keep plaintiff in constant pain so that he would commit suicide and thereby end all of his litigation against CDCR. ECF No. 1 at 6. According to plaintiff, this amounted to retaliation.

As a result of defendants' failure to treat plaintiff in accordance with Dr. Senegor's

reports, plaintiff has suffered increased pain, a loss of bowel functions, and he can no longer walk or write. By way of relief, plaintiff seeks compensatory and punitive damages.

### III. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Deliberate Indifference to a Serious Medical Need

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of

pain.'" Id., citing Estelle, 429 U.S. at 104.  Drug withdrawal constitutes a serious medical need requiring appropriate medical care under the Eighth Amendment.  See Pajas v. Cty. of Monterey, 2016 WL 3648686, at *10 (N.D. Cal. July 8, 2016); see also Hernandez v. Cty. of Monterey, 110 F.Supp.3d 929, 948 (N.D. Cal. 2015) (stating that "[w]ithdrawal is a serious and potentially deadly medical condition, with symptoms including seizures, hallucinations, agitation and increased blood pressure."); Foelker v. Outagamie Cty., 394 F.3d 510, 513 (7th Cir. 2005) (finding opiate withdrawal amounts to a serious medical need).  Other "[e]xamples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

    Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have

known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### C. Inmate Grievances

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### D. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

### E. Civil Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts

showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

### IV. Analysis

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim Eighth Amendment deliberate indifference claim against defendants Ikegbu, Osman, Patterson, and Haile. See 28 U.S.C. § 1915A. However, the court finds that the complaint does not state a cognizable claim against defendant Gates as the appeals officer who responded to plaintiff's health care grievance. See George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Additionally, plaintiff's passing reference to a civil conspiracy amongst the defendants is entirely conclusory. Plaintiff has not alleged any specific facts showing an agreement or meeting of the minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). As a result, the court finds that the conspiracy allegations fail to state a cognizable claim against defendants. Based on these deficiencies with the remaining claims and defendant, plaintiff may choose to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Ikegbu, Osman, Patterson, and Haile, or he may attempt to cure these defects by filing a first amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (finding that district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff elects to proceed against defendants Ikegbu, Osman, Patterson, and Haile, the court will construe plaintiff's election as consent to dismiss defendant Gates as well as the purported conspiracy claims without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

/////

### V.     Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Ikegbu, Osman, Patterson, and Haile; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants.  **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next.  If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will dismiss the remaining claims

and defendant without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Ikegbu, Osman, Patterson, and Haile. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendant.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5. If plaintiff elects to proceed against defendants Ikegbu, Osman, Patterson, and Haile, the court will construe plaintiff's election as consent to dismiss defendant Gates as well as the purported conspiracy claims without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

6. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated: May 1, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cort0285.14option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>                    Plaintiff,<br><br>         v.<br><br>N. IKEGBU, et al.,<br><br>                    Defendants. | No.  2:23-cv-00285-CKD<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_   Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Ikegbu, Osman, Patterson, and Haile.  Plaintiff voluntarily dismisses the remaining claims and defendant; **or**

\_\_\_\_\_   Plaintiff wants time to file a first amended complaint.


DATED:

_____
                                                                Plaintiff