UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | No. 2:23-cv-00285-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| N. IKEGBU, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.    Factual and Procedural History**

At the time of filing the initial complaint in this matter, plaintiff also filed a motion for a temporary restraining order and/or a preliminary injunction. ECF No. 3. A second *ex parte* motion for a temporary restraining order was filed on March 26, 2023.[1] ECF No. 8.

On May 1, 2023, the court screened plaintiff's complaint and gave him the option of proceeding on the Eighth Amendment deliberate indifference claims against defendants Ikegbu, Osman, Haile, and Patterson or of amending his complaint to fix the deficiencies with respect to

---

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1

the remaining defendant and claims.  In a separate order filed the same date, the court directed the Supervising Deputy Attorney General to enter a special appearance in this action prior to service of the complaint, and to file a response to plaintiff's motions seeking injunctive relief.  ECF No. 10.  On May 15, 2023, a response was filed.  ECF No. 15.  Plaintiff's motions seeking preliminary injunctive relief have now been fully briefed.  ECF Nos. 16-19.

**II.     Motions for a Temporary Restraining Order**

In his original motion, plaintiff seeks a preliminary injunction requiring defendants to follow the treatment recommendations of Neurosurgeon Morris Senegor documented in medical reports dated November 15, 2021 and March 14, 2022.  ECF No. 3.  Specifically, plaintiff indicates that Dr. Senegor recommended that his morphine dose be increased, Baclofen be added to his pain management regimen, and that plaintiff have arthroplastic surgery of the C5-6 and C6-7 discs with a Mobi-C device implanted.  ECF No. 3 at 4.  In a more detailed second motion for preliminary injunctive relief, plaintiff attaches the reports of Dr. Senegor that contain these treatment recommendations.  ECF No. 8 at 11-17.  Plaintiff further indicates that defendant Ikegbu has cancelled the orders of other doctors to provide plaintiff with morphine for pain management.  ECF No. 8 at 2.  According to plaintiff, he has been denied surgery for his lumbar issues as well as adequate pain management as retaliation against him for filing the present lawsuit and to maliciously cause him pain.  ECF No. 8 at 5.  Regarding his ability to succeed on the merits of his Eighth Amendment deliberate indifference claims, plaintiff points out that there is no dueling medical opinions in this case because defendant Ikegbu has never examined or treated plaintiff.  ECF No. 8 at 2; ECF No. 8-1 at 4-5.  In the absence of injunctive relief, plaintiff alleges that he suffers diminished daily functioning based on the ongoing denial of surgery and adequate pain medication.  ECF No. 8-1 at 8.

In response to these motions, defendants "acknowledge that plaintiff has a serious medical need and that the surgery recommended by Dr. Senegor is needed.  Defendants, however, have legitimate medical concerns whether authorizing the surgery at the present time would lead to an unfavorable outcome because of plaintiff's lack of participation in physical therapy and the high dosages of pain medication, including opioid medication, which pose risks of addiction and

dependence. Rather, the [d]efendants continue to recommend participation in physical therapy and a reduction in pain medication in favor of safer alternatives." ECF No. 15 at 7. According to defendants, plaintiff's claims "raise a dispute concerning a course of treatment which does not constitute deliberate indifference" in violation of the Eighth Amendment. ECF No. 15 at 7. Regarding whether plaintiff will suffer irreparable harm without injunctive relief, defendants point out that the recommendation for cervical spine surgery was made on an elective basis and not on an emergency basis. ECF No. 15 at 19. Defendants also submit that the requested injunctive relief extends further than necessary to correct the asserted harm which violates the Prison Litigation Reform Act ("PLRA"). Id.

      The defendants' response also includes declarations from defendants Dr. Haile and Dr. Ikegbu. ECF No. 15 at 24-45. This evidence indicates that plaintiff's case was presented to the interdisciplinary Care Team Enhancement Conference ("CTEC") on March 30, 2022, which included a presentation of Dr. Senegor's recommendations. ECF No. 15 at 26. "The CTEC noted that the surgery recommended by Dr. Senegor could be an appropriate treatment option but was not the first option of treatment at that time due to concerns whether the recommended surgery would result in a good outcome…." ECF No. 15 at 26. In May 2022, plaintiff's case was also presented to the Complex Case Conference Committee at the California Medical Facility. ECF No. 15 at 26-27. "This committee also supported interdisciplinary modalities to chronic pain management in lieu of the use of long-term opioids, based on concerns regarding Mr. Cortinas' past refusal to participate in …physical therapy, and the lack of evidence in the medical community that the long term use of opioid medications had been successful in managing mechanical cervical and low back pain…." Id. Based on the treatment recommendations of these two committees, "the level of morphine sulfate prescribed for Mr. Cortinas has been tapered down and reduced, and the Lyrica and Baclofen have been tapered and discontinued…." Id. at 27. While defendant Ikegbu acknowledges "tak[ing] steps to discontinue the use of medication inconsistent with the CTEC and the Complex Case Conference committee recommendations[, t]hese steps have not been taken to inflict harm or pain to Mr. Cortinas; rather, these steps have been taken in order to provide appropriate medication and treatment consistent with current best

medical practices and to address Mr. Cortinas' symptoms and complaints without prompting adverse outcomes such as opioid addiction and dependence and poor surgical results." ECF No. 15 at 43.

By way of reply, plaintiff indicates that he is currently engaged in additional physical therapy sessions recommended by defendant Haile. ECF No. 16 at 1. He disputes ever testing positive for heroin or cannabis while in custody. Id.; see also ECF No. 17 at 1 (plaintiff's supplemental declaration). According to plaintiff, his current dose of morphine is below the daily maximum dosage outlined in CDCR guidelines. ECF No. 16 at 3. Plaintiff also filed an objection to defendants' response disputing the contents of the declarations provided by Dr. Ikegbu and Dr. Haile. ECF No. 19. In the objections, plaintiff generally disputes the medications that he was prescribed and what type of pain they are used to treat even though he is not a medical doctor. ECF No. 19. In a separately filed pleading, plaintiff requests that the court take judicial notice of an April 26, 2022 Addendum prepared by Dr. Haile that contains a list of the medications he was taking. ECF No. 18 at 7-9. According to plaintiff, this contradicts Dr. Haile's declaration and also impeaches that of Dr. Ikegbu. ECF No. 18 at 5. Lastly, plaintiff filed a separate objection to Dr. Haile's declaration on the basis that his signature on the document is not witnessed. ECF No. 20.

### III.     Legal Standards

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate

'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

In this case, plaintiff seeks a mandatory injunction requiring defendants to provide specific medical treatment. A mandatory injunction orders a party to take action. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009). Because a mandatory injunction "goes well beyond simply maintaining the status quo… [it] is particularly disfavored." Id. (internal alterations omitted). "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" Id. (quoting Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979)).

**IV.     Analysis**

Under the first test for a preliminary injunction, plaintiff must demonstrate a "high probability of success on the merits" of the case. See Associated Gen. Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1412 (9th Cir. 1991). The only claims that were found cognizable in the court's screening order were Eighth Amendment deliberate indifference claims based on the treatment of plaintiff's back injury.

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. Here, defendants concede that plaintiff has demonstrated a serious medical need for treatment of his back injury.

So the only issue is whether plaintiff has sufficiently demonstrated that defendants' response to his serious medical need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was

medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal quotation marks omitted)).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

Even though the court has screened plaintiff's complaint and found that it states a cognizable Eighth Amendment claim against certain defendants, this does not mean that plaintiff has shown a likelihood of success on the merits to warrant a preliminary injunction.  In his argument in support of injunctive relief, plaintiff suggests that there are no medical opinions that differ from those of Dr. Senegor.  However, defendants' response indicates that plaintiff's case has been submitted to the interdisciplinary Care Team Enhancement Conference ("CTEC") and the Complex Case Conference Committee at the California Medical Facility.  The present record demonstrates a plethora of medical opinions.[2]  The CTEC indicated that cervical spine surgery "may be an option[,] but it is not a first option of treatment at this point in time."  ECF No. 15 at 30 (Declaration of Defendant Haile).  The Complex Case Conference Committee did not recommend long-term opioid use for the management of plaintiff's pain based on the risks associated with its use.  ECF No. 15 at 38; see also ECF No. 15 at 42-43 (Declaration of Defendant Ikegbu) (noting that "Expert opinions and national guidelines have moved away from this approach.").  Based on the number of medical professionals involved in managing plaintiff's treatment and the numerous medical conditions that plaintiff suffers from, this court is not in any position to say which medical opinion is right at this preliminary stage in the legal proceedings.  The undersigned finds that plaintiff has not shown that defendants' chosen course of treatment is medically unacceptable under the circumstances, or that defendants opted to forego the spinal surgery in conscious disregard of an excessive risk to his health given the totality of his numerous

---

[2] The court denies plaintiff's request for judicial notice of a select portion of his medical records, although this information has been reviewed and considered in support of plaintiff's motion for injunctive relief.

medical conditions. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Because plaintiff has not met the first prong required for injunctive relief, the court finds it unnecessary to address the remaining factors. Accordingly, the court recommends denying plaintiff's motions for preliminary injunctive relief.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned magistrate judge is recommending that your motions for preliminary injunctive relief be denied. If you do not agree with this decision, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will make the final decision on your motion for a preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's motions for a temporary restraining order and/or a preliminary injunction (ECF Nos. 3, 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cort0285.57.TRO.merits