UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | No. 2:23-cv-00285-TLN-CKD P |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| N. IKEGBU, et al., | |
| Defendants. | |

Plaintiff is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently pending before the court is plaintiff's first amended complaint for screening.

**I.     Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

**II.     Allegations in the First Amended Complaint**

At all times relevant to the allegations in the amended complaint, plaintiff was a prisoner at the California Medical Facility ("CMF"). Named as defendants are four medical providers at CMF in addition to the acting warden, current warden, the head of the Health Care Services Appeals Branch, the Governor of California, and Does 1-10.

Plaintiff alleges that on May 20, 2022, defendants Ikegbu and Osman ordered his doctor to reduce, and then eventually discontinue, plaintiff's prescription for morphine, Lyrica and Baclofen in deliberate indifference to his serious medical need for pain management. On this same date, these defendants denied plaintiff follow-up care with Dr. Senegor, a neurosurgeon outside the California Department of Corrections and Rehabilitation ("CDCR"). Defendant Ikegbu fabricated medical reports indicating that plaintiff had a steady gait and had tested positive for heroin in order to deny him needed surgery on or about April 2023. Defendant Patterson assisted these defendants in denying plaintiff follow-up care with Dr. Senegor by refusing to submit the surgery request to CDCR headquarters for approval. Defendant Haile did not increase plaintiff's morphine or add additional pain medications in deliberate indifference to plaintiff's serious medical needs.

With respect to the acting warden of CMF and the chief of the Health Care Services' Appeals branch, plaintiff contends that they assisted defendants Ikegbu and Osman in denying the necessary follow-up care with Dr. Senegor. However, the amended complaint does not contain any factual details as to how the warden or a grievance administrator were responsible for making plaintiff's medical treatment decisions.

Plaintiff made defendants Osman, Patterson, Gates, Newsom, Benavidez, and Cuevas aware of the denial of his recommended surgery through written correspondence to them.

Lastly, plaintiff alleges that defendants Ikegbu, Osman, Gates, Benavidez, Cueva, and Newsom engaged in a civil conspiracy to deny him necessary medical care.

**III.    Analysis**

After conducting the required screening, the undersigned finds that plaintiff has stated a cognizable Eighth Amendment deliberate indifference claim against defendants Ikegbu, Osman,

Haile, and Patterson.  Service of the first amended complaint will be ordered on these defendants by a separate order filed contemporaneously herewith.  The undersigned further finds that the additional claims in the amended complaint fail to state a claim for relief against the remaining defendants for the reasons outlined below.

To the extent that plaintiff alleges that defendants Osman, Patterson, Gates, Newsom, Benavidez, and Cueva were all made aware of the denial of plaintiff's back surgery, this is not enough to state a federal claim against these defendants based on their supervisory capacity.  See ECF No. 14 at 6.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  The amended complaint indicates that these defendants were alerted to the asserted constitutional violations after they had already occurred.  Therefore, plaintiff has failed to state a claim against defendants Osman, Patterson, Gates, Newsom, Benavidez, and Cueva.

Just as in the original complaint, plaintiff raises an entirely conclusory civil conspiracy claim against defendants Ikegbu, Osman, Gates, Benavidez, Cueva, and Newsom.  See ECF No. 14 at 7.  However, to state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of the minds between defendants to violate his constitutional rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff has once again failed to include any specific facts demonstrating an agreement among these defendants to violate his constitutional rights.  Therefore, the first amended complaint does not properly plead a civil conspiracy claim against any named defendant.

Although plaintiff alleges a First Amendment retaliation claim against defendants Ikegbu, Osman, Gates, Patterson, and Benavidez, the undersigned finds that the allegations are insufficient to state a claim. The amended complaint asserts that these defendants denied him needed surgery to prevent him from obtaining medical evidence to prove the full extent of his injuries from correctional officers who beat him in 2018. However, the amended complaint asserts that the basis for the denial of plaintiff's surgery was "apart [sic] of a larger design policy of cost savings and why CDCR has remained unconstitutional in there [sic] health care services." ECF No. 14 at 8. This does not adequately connect the denial of plaintiff's surgery to any of his protected conduct in order to state a valid retaliation claim. See Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (stating all five elements of a First Amendment retaliation claim). Therefore, even liberally construing plaintiff's amended complaint, he has failed to adequately plead a retaliation claim against any defendant.

The amended complaint does not link any of the asserted constitutional violations to Does 1-10 who are also named as defendants. The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Based on plaintiff's failure to link Does 1-10 with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights, he has failed to state any claim for relief against them.

**IV.    Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-

06. Based on this analysis, the undersigned recommends that all claims against defendants Osman, Patterson, Gates, Newsom, Benavidez, Cueva, and Does 1-10 as well as the civil conspiracy and First Amendment retaliation claims defendant Ikegbu be dismissed without further leave to amend.  It does not appear to the court that the identified defects in the claims are curable, especially since plaintiff has already been provided the opportunity to do so after being given the requisite legal standards to state a claim.  See <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your first amended complaint and determined that some state cognizable claims and others do not.  The court is ordering service on defendants Ikegbu, Osman, Haile and Patterson for Eighth Amendment deliberate indifference claims, but recommending that the remaining claims and defendants be dismissed without further leave to amend.

If you disagree with this recommendation to dismiss certain claims, you may file a written explanation as to why it is not correct within 14 days from the date of this order.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that this case proceed on plaintiff's first amended complaint stating an Eighth Amendment deliberate indifference claim against defendants Ikegbu, Osman, Haile and Patterson.

IT IS FURTHER RECOMMENDED that all claims against defendants Osman, Patterson, Gates, Newsom, Benavidez, Cueva, and Does 1-10 as well as the civil conspiracy and First Amendment retaliation claims defendant Ikegbu be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cort0285.F&R.screening