UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>N. IKEGBU, et al.,<br><br>Defendants. | No. 2:23-cv-00285-TLN-CKD<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Larry William Cortinas's ("Plaintiff") motion to set aside judgment. (ECF No. 59.) Defendants N. Ikegbu, M. Osman, and B. Haile ("Defendants") filed an opposition. (ECF No. 60.) For the reasons set forth below, Plaintiff's motion is DENIED.

The Court need not recount the background facts here as they are set forth in the magistrate judge's prior order. (ECF No. 30.) On July 18, 2024, the magistrate judge recommended Plaintiff's action be dismissed without prejudice for failure to prosecute. (ECF No. 55.) On September 17, 2024, this Court adopted the magistrate judge's findings and recommendations in full and closed the case. (ECF No. 56.) The Clerk of the Court entered Judgment the same day. (ECF No. 57.) On March 13, 2025, Plaintiff filed the instant motion to

1

set aside judgment.

On motion and just terms, a district court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff does not argue any of the first five categories apply (nor does the Court find them applicable), which leaves only the sixth, catchall category. While Plaintiff's motion lacks clarity, it appears Plaintiff makes two distinct arguments.[1]

First, Plaintiff claims a parole agent collaborated with another California Department of Corrections and Rehabilitation official to extort approximately $30,000 from Plaintiff and his father from approximately May 2024 to December 2024. (ECF No. 59 at 5.) Plaintiff contends that when his father ceased making payments to the alleged extortionists, Plaintiff was arrested on January 13, 2025. (*Id.* at 6.) Plaintiff fails to explain, however, how his incarceration in January

---

[1] Plaintiff alleges he was unable to attend required parole classes due to lacking transportation, his attempts to send mail to the courts in January and February 2025 were blocked by the Stanislaus County Jail Sheriff's Department, inmates have falsely stated he is a rapist and child molester which has put him in danger, and he has been continuously denied medical treatment. (*See* ECF No. 59.) Plaintiff, however, fails to connect these unfortunate circumstances to a basis for relief from judgment. To the extent Plaintiff seeks relief from the newly alleged misconduct, he must file another lawsuit subject to the screening requirements under 28 U.S.C. § 1915A(a).

2025, which occurred after the Court entered judgment dismissing his cause of action, has any bearing on the instant case.

Second, Plaintiff argues that in late March or early April of 2024, a 6'5" African American man, who identified himself as a parole agent, entered his residence and made threatening statements. (*Id.* at 4.) Plaintiff contends the man told him that he would be killed if he pursued his ongoing civil litigation. (*Id.*) Plaintiff further states the same individual returned in May 2024 to reinforce these threats. (*Id.*) The Court finds Plaintiff's statements regarding death threats by nonparties lack any connection to this case. Specifically, Plaintiff has not explained how the nonparty knew about Plaintiff's ongoing litigation, the nonparty's motivation for not wanting Plaintiff to pursue litigation, or why Plaintiff could not have notified the Court of his circumstances before his case was dismissed. Without more, the Court cannot conclude Plaintiff has demonstrated extraordinary circumstances to justify relief. *See Puckett*, 2025 WL 253944, at *1; *see also Harvest v. Castro*, 531 F.3d at 749 (determining that Rule 60(b)(6) is to be used sparingly).

In sum, Plaintiff fails to demonstrate why he is entitled to the extraordinary relief that he seeks. Accordingly, Plaintiff's motion to set aside judgment (ECF No. 59) is DENIED.

IT IS SO ORDERED.

Date: April 4, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3